PETERS VS. JOHNSON,

DEC. 1812.

Peters
vs
Johnson

APPEAL from *Baltimore* County Court. An action of debt was brought by the plaintiff below, (now appellant,) against the defendant, (now appellee,) upon a bond executed by the latter to the former on the 15th of April 1807, reciting that the parties had referred certain differences between them to two arbitrators, &c. and conditioned that the defendant abide by the award to be made by the arbitrators; the award to be delivered to each of the parties within 60 days from the date of the bond. The defendant pleaded, that no award was made and delivered by the arbitrators to the parties within 60 days, &c. The plaintiff replied, that by a writing endorsed and signed by the defendant on the bond, further time was given to the arbitrators until the 25th of June 1807, to make an award, and that the arbitrators did make an award, which was delivered to the parties before that day. This agreement and award were set forth by the plaintiff in his replication, and a nonperformance of the award averred, &c. The defendant demurred to the replication, and the county court ruled the demurrer good, and gave judgment for the defendant. From that judgment the plaintiff appealed to this court.

In an action on a bond to submit matters to arbitration, the defendant pleaded that no award was made and delivered by the arbitrators to the parties, within 60 days, according to the condition of the bond, to this the plaintiff replied, that by a writing endorsed on the bond, and signed by the defendant, further time was given to the arbitrators until, &c. to make an award, and that an award was made & delivered before that day. The replication, on demurrer by the defendant, ruled to be bad

The cause was argued before BUCHANAN, EARLE, and JOHNSON, J.

*Winder*, for the Appellant, contended, that the action could be supported on the defendant's bond to the plaintiff, with the agreement endorsed thereon, extending the time within which the award was to be made. He referred to *Jenkins vs. Lace*, 8 *T. R.* 87, and *Evans vs. Thompson*, 5 *East*, 191.

*Harper*, for the Appellee. The action should have been brought on the agreement or on the award, but not on the bond. He cited *Littler vs. Holland*, 3 *T. R.* 590. The agreement gave no authority to the arbitrators to make the award, as it was signed by the defendant alone, and was therefore not binding on the plaintiff.

JUDGMENT AFFIRMED.